IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr102-MHT |
| | ) | (WO) |
| KENDALL DEWIGHT SHINE | ) | |

OPINION AND ORDER

This cause is before the court on defendant Kendall Dewight Shine's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for November 6, 2017, should be continued to December 4, 2017, and that this continuance does not run afoul of the requirements of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Shine requests a motion to continue so that the parties may have time to engage in any plea negotiations with knowledge of the court's ruling on his pending supplemented motion to suppress (doc. nos. 36, 32). The government does not object to a continuance. The court concludes in its discretion that a continuance is warranted for this purpose.

Although the court today declines to exclude further time from the speedy-trial period, the additional time during the continuance does not run

afoul of the requirements of the Speedy Trial Act. Shine was indicted in this case on March 14, 2017, and had his first appearance before a judicial officer of the court on March 31, 2017, when he was arraigned before the magistrate judge. Because the time of Shine's arraignment was later than his indictment, the 70-day speedy trial period would have begun to run from this date. 18 U.S.C. § 3161(c)(1). However, on that same day, the magistrate judge issued an order setting Shine for trial on September 5, 2017, and finding pursuant to 18 U.S.C. § 3161(h)(7) that the "ends of justice" require excluding the period of March 31 to September 5 from the speedy-trial calculation. Order on Arraignment (doc. no. 8). This court on August 17, 2017, continued Shine's trial until November 6, and, pursuant to § 3161(h)(7), excluded the interim time from the speedy-trial period.

Consequently, no time has yet run on the 70-day speedy-trial period, and will not begin to run until November 7, 2017. Although the court today declines to

exclude further time from the speedy trial period, the period from November 7 until the new trial date of December 4 is far shorter than the 70-day period allotted by 18 U.S.C. § 3161(c)(1), and therefore such a continuance does not present a problem under the Speedy Trial Act.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Kendall Dewight Shine (doc. no. 76) is granted.

(2) The jury selection and trial, now set for November 6, 2017, are reset for December 4, 2017, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 1st day of November, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**