IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA,    )
                             )    CRIMINAL ACTION NO.
     v.                      )        2:17cr102-MHT
                             )           (WO)
KENDALL DEWIGHT SHINE        )

OPINION AND ORDER

This cause is before the court on defendant Kendall Dewight Shine's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 4, 2017, should be continued to January 16, 2018, and that this continuance does not run afoul of the requirements of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

The court will conduct a new evidentiary hearing on Shine's supplemented motion to suppress (doc. nos. 36, 32) on November 27, 2017. Because the trial was previously set for December 4, only a week after the hearing, Shine requests a continuance so that the parties may have sufficient time to engage in any plea negotiations with knowledge of the court's ruling on that motion. The government does not object to a continuance. The court concludes in its discretion that a continuance is warranted for this purpose.

The court today declines to exclude further time from the Speedy Trial Act period. However, the additional time during the continuance does not run afoul of the requirements of the Speedy Trial Act. Shine was indicted in this case on March 14, 2017, and had his first appearance before a judicial officer of the court on March 31, when he was arraigned before the magistrate judge. The 70-day period would have begun to run from this date, because Shine was arraigned after the indictment was issued. 18 U.S.C. § 3161(c)(1). However, on that same day, the magistrate judge issued an order setting Shine for trial on September 5, and finding pursuant to 18 U.S.C. § 3161(h)(7) that the "ends of justice" required excluding the period of March 31 to September 5 from the Speedy Trial Act calculation. Order on Arraignment (doc. no. 8). This court on August 17, continued Shine's trial until November 6, and, pursuant to 18 U.S.C. § 3161(h)(7), excluded the interim time from the speedy-trial period.

The 70-day Speedy Trial Act period therefore began to run on November 7, as the court has previously determined. *See* Order to Continue (doc. no. 79) at 3. The period ends on January 16, 2018. Although the court today declines to exclude further time from the speedy-trial period, the period from November 7, 2017, until the new trial date of January 16, 2018, is within the 70-day period allotted by 18 U.S.C. § 3161(c)(1), and therefore such a continuance does not present a problem under the Speedy Trial Act.

Moreover, because the court has ordered a new evidentiary hearing on the supplemented motion to suppress, the period from November 7 to December 27--30 days after the November 27 hearing--is arguably excludable under the Speedy Trial Act. The Act excludes time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(D), as well as "delay reasonably

attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(H). As the Eleventh Circuit has explained, a pretrial motion is "under advisement" when "the court has *held the hearing* and received all the submissions it reasonably expects," after which only 30 days may be excluded for the motion's resolution under 18 U.S.C. § 3161(h)(1)(H). *United States v. Hughes*, 840 F.3d 1368, 1378-79 (11th Cir. 2016) (emphasis added). Assuming that the court does not order any supplemental briefing following the suppression hearing on November 27, the excludable period of advisement would extend to December 27. However, the court need not exclude this period, because even if this time were not excluded, the trial date of January 16, 2018, would still be within the 70-day Speedy Trial Act period.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Kendall Dewight Shine (doc. no. 84) is granted.

(2) The jury selection and trial, now set for December 4, 2017, are reset for January 16, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 15th day of November, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE